## MISCONDUCT IN CHARACTERIZING DEFENDANT AS RICH.

Circuit Court of Cuyahoga County.

JOHN URBANOWICZ AND HEDWIG URBANOWICZ v. CYRIL ROMAN.

Decided, November 28, 1910.

*Misconduct of Counsel—Reversible Error, When.*

It is misconduct of counsel for plaintiff to say to the jury in his argument, of and concerning the defendant, "He is a rich man. How did he get rich? Just that way"; and where, upon objection by counsel for defendant, the trial judge neither reproves counsel, nor cautions the jury, and the facts are close, a judgment against the defendant will be reversed for such misconduct.

*J. M. Downey,* for plaintiff in error.
*Henry Du Laurence,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The parties are here reversed from the relation in which they stood to each other in the court of common pleas. The terms plaintiff and defendant as used in this opinion, will refer to the parties as they were in the original case.

The plaintiff sued the two defendants for services which he claims to have rendered for them as a farm hand from July, 1907, until January 15, 1908. He says that his work was performed at an agreed price of $20 per month; that the aggregate for his services would amount to $110; that $48 had been paid to him for these services, and prayed for judgment for $60, with interest.

The defendant, John Urbanowicz, answers admitting that the plaintiff worked for him on the farm; that the time was fifteen days less than the plaintiff claims; that the agreed price was $15 per month, and that he has been paid in full.

The defendant, Hedwig Urbanowicz, answers denying that she is indebted to the plaintiff in any sum whatsoever, and denying that he ever worked for her.

The result of the trial in the court of common pleas was a verdict and judgment for the plaintiff in the sum of $67.20.

The defendants prosecute this proceeding, claiming that the court erred in overruling the motion for a new trial in the case, on the ground that the verdict was against the weight of the evidence, and on the further ground that there was misconduct on the part of the attorney for the plaintiff.

An examination of the evidence shows that the plaintiff testified that he began working for the defendant, John Urbanowicz, on the 15th of July, 1907. He says that he continued to work for him until the middle of the following January. He testifies that he was paid by the defendant, John Urbanowicz, $40.50 in money; that the defendant kept a store, and that he received from the store, to apply upon his pay, a pair of shoes and a pair of rubber boots, of the aggregate price of $7.50. He testifies that when he applied for work he asked $25 a month, that Mr. Urbanowicz said he would give him $18 a month, and that they finally agreed upon $20 per month. He says, besides the money wages which he was to receive, his board and washing were to be furnished by Urbanowicz.

The defendant, John Urbanowicz, says that the plaintiff began working for him not on the 15th of July, but on the 23d of July, 1907; that at the time of the employment, the price was not fixed, but it was agreed that the plaintiff should go to work and they

would agree later on what his compensation should be, and that a few days after he begun to work, they agreed on $15 per month. He says that the price agreed upon was fixed after the plaintiff had worked for him about a month, and he says that when the plaintiff quit working for him he settled with him for the entire amount which was coming to him, and he offers a small memorandum book in evidence as to the payments.

As to the defendant, Hedwig Urbanowicz, she is the wife of John, and she is the owner of the farm on which the work was done. The farm, however, was conducted and carried on by the defendant, John, and so far as the judgment against Hedwig is concerned, it should be reversed upon the weight of the evidence. The verdict and judgment against John are not so manifestly against the weight of the evidence as to justify a reversal on that ground. The jury heard the testimony of both parties, as well as other witnesses, and there was nothing improper about the story as told by the plaintiff, nor perhaps as told by the defendant. The jury saw fit to believe the claim of the plaintiff and we would not be justified in disturbing it.

As to the other claim, misconduct on the part of the counsel for the plaintiff, several things are complained of, but only one of them we regard as of sufficient importance to require any discussion at our hands.

During the address to the jury by counsel for the plaintiff among other things he said, referring to the defendant, John, "He is a rich man. How did he get rich? Just that way." Counsel for the defendant immediately appealed to the court, saying that he objected to the language. The court said: "Do you want the stenographer to take down the speech?" "The objection is overruled. Go on with your argument." We think this language of the counsel for the plaintiff was clearly improper to the degree that it constitutes misconduct. Earlier, in his address to the jury, counsel for the plaintiff had said, referring to the defendant: "He is a born liar." This language was in very bad taste, but the theory of the plaintiff was that what the defendant, John, said about the hiring and paying of the plaintiff was not true, and though the language used by counsel for plaintiff in this regard is by no means commendable,

we would not reverse the case for this, but what possible bearing could it have upon the case that the defendant was rich, or how he became rich? The language was clearly calculated to prejudice the jury and could have been used for no other purpose. It was not an issue in the case whether either the plaintiff or the defendant was rich as Dives or poor as Lazarus. If the plaintiff was entitled to recover, it was because he had performed work for the defendant, for which he had not been paid. That and that only was the issue, and that and that only should have been discussed in argument to the jury.

It is not meant by this, as appears from what has already been said, that in such arguments the conduct of the parties in connection with the transaction may not be commented upon and criticized with such severity as would seem to counsel to be just, but to make a statement which is clearly calculated to prejudice the jury against the defendant on a matter wholly unconnected with the case, and which by no possibility could have any bearing upon it, is reprehensible and, as we hold, amounts to misconduct, justifying a reversal of the judgment.

We had occasion recently in a case in Summit county to reverse a judgment for similar misconduct on the part of counsel for the plaintiff. In that case the offending attorney was a man of large experience, both at the bar and on the bench. It was a case like this one, in that there was such a conflict in the evidence as that upon the evidence alone the jury *might* have gone either way, without justifying a reversal of such judgment, as being clearly against the weight of the evidence. In such case, it is especially censurable to use language calculated to prejudice the jury against a party in the case in a matter wholly outside of any issue in the case. We do not take it upon us to say whether the court, when this offensive language was used, might not have taken such course as would prevent a reversal on the ground of this misconduct; but for some reason, which we are unable to understand, the court being appealed to, declined to take any action, and apparently gave the jury to understand that there was nothing censurable about this language, but said to counsel for the plaintiff, "Go on with your argument."

For the reasons indicated the judgment against Hedwig Urbanowicz is reversed, as clearly against the weight of the evidence, and the judgment against John Urbanowicz is reversed because of misconduct on the part of the counsel for plaintiff.